| | | |
|---|---|---|
| **1137 N. ROBERTSON, LLC** | * | **NO. 2019-CA-0553** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **FELICEON CHRISCHELL** | * | |
| **JACKSON** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02547, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)

**DYSART, J., CONCURS, WITH REASONS**

**BROWN, J., CONCURS IN THE RESULT**

Kyle S. Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street, Suite A
New Orleans, LA 70119


COUNSEL FOR PLAINTIFF/APPELLEE


James E. Uschold
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130


COUNSEL FOR DEFENDANT/APPELLANT


**AFFIRMED**

**NOVEMBER 20, 2019**

This appeal challenges the trial court's granting of a final default judgment in favor of 1137 N. Robertson, LLC, and the denial of a motion for new trial and exceptions of no cause of action and no right of action filed by Feliceon Chrischell Jackson.

*Facts*

This matter involves the ownership of immovable property located at 1141 N. Robertson St. (the "Property"). The Property was not lived in and had been adjudicated to the City of New Orleans due to blight. As an owner of other property in the neighborhood, 1137 N. Robertson, LLC ("Appellee"), took action to commence acquiring ownership of the Property under to La. R.S. 9:5633.[1] Appellee claims that all the necessary requirements were met and lawful possession of the Property was taken on August 24, 2017. Next, Appellee applied for and obtained permits from the City of New Orleans to renovate the Property.

---

[1] La. R.S. 9:5633 sets forth the requirements that must be satisfied in order for a party to acquire ownership of immovable property.

On more than one occasion, in October of 2017, Feliceon Chrischell Jackson ("Appellant") went into the Property and demanded that individuals employed by Appellee and working on the Property leave immediately. In an attempt to avoid confrontation, the workers left the Property. Appellant proceeded to change the locks on the door to keep the workers out, and filed an Affidavit of Nullification pursuant to La. R.S. 9:5633(J).

Thereafter, Appellee filed a Petition for Declaratory Judgment and Damages ("Petition"). In the Petition, Appellee alleged that the Affidavit of Nullification was invalid, and he was unlawfully evicted from the property. He further sought various monetary damages. Appellant failed to answer the Petition and Appellee took a preliminary default. After a trial on the merits, Appellee was granted a final default. Then, Appellant filed a Motion for New Trial and Exceptions of No Right of Action and No Cause of Action. The trial court denied the motion and the exceptions and this appeal followed.

### *Assignments of Error*

On appeal, Appellant asserts numerous assignments of error that all relate to the trial court's findings that the Appellee properly complied with the requirements of La. R.S. 9:5633, and was wrongfully evicted from the Property. For those reasons, Appellant claims the judgment and the award of damages to the Appellee should be reversed.

### *Final Default Judgment*

On July 19, 2018, after the trial court confirmed that Appellant was properly served with the Petition and preliminary default, trial commenced and a final default judgment was granted. Once it is established that the default judgment was taken in accordance with La. C.C.P. art. 1701, *et seq.*, an appellate court's review of the default judgment is limited to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans,* LLC, 2008-1111, p.5 (La. 5/5/09), 9 So.3d 815, 818 (citing *Bordelon v. Sayer*, 2001-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235). That "determination is a factual one governed by the manifest error standard of review." *Id.*

Louisiana allows for acquisitive prescription of blighted property under La. R.S. 9:5633. La. R.S. 9:5633 provides, in pertinent part, as follows:

> A. Ownership of an immovable may be acquired by the prescription of three years without the need of just title or possession in good faith. The requirements for the acquisitive prescription of three years are as follows:
>
> (1) The land and all improvements thereon shall ... have been declared or certified blighted after an administrative hearing, pursuant to R.S. 13:2575 or [13:]2576.
>
> (2) The following shall be filed in the conveyance records for the parish where the immovable property is situated:
>
> (a) An affidavit by the possessor stating the name and address of the possessor, stating the intention of the possessor to take corporeal possession of the immovable property for the possessor's own account in accordance with this Section, stating that such corporeal possession shall commence no sooner than sixty calendar days from the date of filing of the affidavit and giving a short legal description of the immovable property intended to be possessed;
>
> * * *

3

(3) Within one week after the judgment, certificate or proof and affidavit are filed as described in Paragraph (A)(2) of this Section, said judgment, certificate or proof and affidavit shall be sent certified mail, return receipt requested, to the address of the owner shown on the tax rolls of the assessor, to the addresses of owners of immovable property having common boundaries with the immovable shown on the tax rolls of the assessor and to all parties having an interest in the immovable, as shown by the mortgage and conveyance records, at the address of each party as may be reasonably ascertained.

(4) Within one week after the judgment, certificate or proof and affidavit are filed as described in Paragraph (A)(2) of this Section, a notice shall be affixed in a prominent location on the immovable, stating the name and address of the possessor, stating that the possessor intends to take corporeal possession of the immovable for the possessor's own account and stating the date that the notice is so affixed.

* * *

(6) Within ninety calendar days after the date on which the affidavit described in Subparagraph (A)(2)(a) of this Section is filed in the conveyance records as required by Paragraph (A)(2) of this Section, the possessor shall request from the recorder of mortgages a mortgage certificate, setting forth the full legal description of the immovable property, to be run in the name of the owner of the immovable property for a period of time commencing with the date of the acquisition of the immovable property by the said owner and ending sixty days following the date of the filing of the affidavit described in Subparagraph (A)(2)(a) of this Section.

(7) The possessor shall take corporeal possession peaceably and no sooner than the date the mortgage certificate described in Paragraph (A)(6) of this Section is generated by the recorder of mortgages and no later than sixty calendar days following the date of such generation.

(8) The following shall be filed in the conveyance records for the parish where the immovable property is situated within ten days after the possessor has taken corporeal possession of the immovable property:
(a) An affidavit by the possessor stating the name and address of the possessor, stating that the possessor has taken corporeal possession of the immovable for the possessor's own account, stating the date that the possessor took corporeal possession, stating the acts taken by the possessor to effect corporeal possession, and giving a short legal description of the immovable; and

4

(b) There shall be annexed to and filed with the affidavit described in Subparagraph (A)(8)(a) of this Section the mortgage certificate of the recorder of mortgages described in Paragraph (A)(6) of this Section, showing that sixty days have elapsed from the date of the filing of the affidavit described in Subparagraph (A)(2)(a) of this Section and showing that no notice of lis pendens has been filed against the immovable property and that the immovable property has not been seized under a writ of fieri facias or seizure and sale.

(9) Within one week after the affidavit and certificate are filed as described in Paragraph (A)(8) of this Section, said affidavit and certificate shall be sent certified mail, return receipt requested, to the address of the owner shown on the tax rolls of the assessor and to all parties having an interest in the immovable, as shown by the mortgage and conveyance records, at the address of each party as may be reasonably ascertained.

(10) Within one week after the affidavit and certificate are filed as described in Paragraph (A)(8) of this Section, a notice shall be affixed in a prominent location on the immovable, stating the name and address of the possessor, stating that the possessor has taken corporeal possession of the immovable for the possessor's own account, and stating the date that the possessor took corporeal possession.

(11) All ad valorem taxes, interest, and penalties due and payable shall be paid in full.

(12) If there are any improvements on the immovable, they shall be demolished or certificates of use and occupancy shall be obtained within two hundred seventy calendar days after the date that corporeal possession was taken.

At trial, Benjamin Harwood, the principal of 1137 N. Robertson, testified and presented evidence documenting his strict compliance with the mandates of La. R.S. 9:5633. The trial court was presented with the proof of blight, Affidavit of Intent to Possess, proof of notifications sent to the property owner, adjacent property owners, and interested parties informing them of Appellee's intent to possess. Additionally, the record reflects that Appellee made a timely request to the recorder of mortgages for a mortgage certificate in the name

5

of the owner. That mortgage certificate was attached to Appellee's Affidavit of Possession.

Mr. Harwood also testified that after taking possession of the property in August of 2017, he obtained a permit, from the City of New Orleans, to begin construction. Once the permit was issued, Appellee began work that included foundation and structural repairs, pest treatment, and the preparation and engineering of plans. The testimony established that the Appellee had spent approximately $75,000.00 on the Property by October of 2017.

It was in October of 2017 that the Appellant, claiming to be the owner of the property, began going to the property and demanding that the workers leave the premises. Appellee explained that the Appellant became aggressive, rude, and belligerent to the workers who were present and working on the Property. She also threatened to "burn down the house" if they did not leave. Appellant, after exhibiting this type of behavior on several occasions, changed the locks on the door. After that, Appellee ceased all work on the property.

As of the date of trial, July 19, 2018, no other work had been conducted on the property. Christopher Simmons, of Christopher Simmons Construction, LLC, was presented as an expert in the preparation of bids, cost analysis, and estimates for residential construction. His testimony provided the trial court with an estimate regarding how much of the work that had previously been performed was lost due to no activity for approximately nine months. More specifically, Mr. Simmons testified that due to weather, sun exposure, and humidity the sheathing, the framing

work, and the house wrap were all compromised and needed to be redone.  He established that the materials and labor to do that work would be $30,000.00.

After the trial court received all the testimony and exhibits, it issued a judgment that found Appellee had complied with all twelve of the statutory requirements to acquire the Property through acquisitive prescription, and was lawfully in possession of the Property.  The trial court further found that Appellant disturbed the Appellee's lawful possession of the Property and forcefully evicted Appellee.  For the damages sustained to the Property during Appellee's eviction, Appellee was awarded $30,000.00.

Upon review of the record, this Court does not find that the trial court was manifestly erroneous or clearly wrong in its ruling.  The evidence presented sufficiently supports the trial court's judgment.

## *Motion for New Trial*

After receiving the final default judgment, Appellant filed a motion for new trial and exceptions of no cause of action and no right of action.  In Appellant's motion for new trial she argued that a new trial was mandated "when the verdict or judgment appears clearly contrary to the law and the evidence." La. C.C.P. art. 1972(1).  Appellate courts review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843 (La. App. 4 Cir. 2/21/18), 241 So. 3d 372, 391. Further, a motion for new trial based on the contention that a judgment is contrary to the law and evidence should be denied if the trial court's ruling is supportable by any fair

interpretation of evidence, and a trial court judgment denying a motion for new trial should not be reversed unless the appellate court finds that the trial court abused its great discretion. *Id.*

Appellant maintains that the filing of an Affidavit of Nullification pursuant to La. R.S. 9:5633(J), nullified the Appellee's Affidavit of Intent to Possess. The trial court specifically found the Affidavit of Nullification to have no legal effect.

First, this Court must address the fact that it is undisputed that an Affidavit of Nullification was filed by the Appellant in the conveyance records. However, the Appellee did not need the affidavit to prove his case in chief in the trial court. Therefore, it was not entered into the record. The Appellant has provided this Court with the document and has asked that we take judicial notice of the affidavit pursuant to La. C.E. art. 201. Article 201 authorizes a court to take judicial notice of an undisputed fact that is capable of accurate and ready determination. *See Roy Anderson Corp. v. 225 Baronne Complex, L.L.C.*, 2017-1005 (La.App. 4 Cir. 7/11/18), 251 So.3d 493 *writ denied* 2018-1334 (La. 11/5/18), 255 So.3d 1049 (that a fact be capable of accurate and ready determination, for the court to be allowed to take judicial notice of adjudicative facts, may be established by public records.). Accordingly, since the affidavit is a public record, we will consider the document in the review of the trial court's denial of the motion for new trial and exceptions.

La R.S. 9:5633(J) reads in pertinent part:

In the event that the possessor does not comply with the provisions of Subsection A of this Section…, any interested party may execute and file in the conveyance records an affidavit describing the instance or instances of the possessor's failure to comply with the provisions of Subsection A of this Section…. Said filed affidavit…shall be conclusive evidence of the failure of the possessor to comply with the requirements necessary to acquire the

8

immovable by the prescription provided for in this Section and shall act to nullify the filed affidavit of intent to possess described in Paragraph (A)(2) of this Section and the filed affidavit of possession described in Paragraph (A)(8) of this Section as if the said affidavits were never filed, without any need to have said affidavits canceled or released of record.

Appellant argued to the trial court that regardless of the validity of the statements made in an Affidavit for Nullification, the mere filing of the affidavit is enough to nullify Appellee's Affidavit of Intent to Possess.[2] However, the Appellant fails to acknowledge that the first sentence of Subsection J provides the foundation under which the right to file such an affidavit is granted. For the purposes of this case, the affidavit would be effective if the possessor failed to comply with one or more of the requirements set forth in Subsection A of the statute. The evidence presented at trial proved that all requirements had been timely met.

Appellant further claimed that the trial court erred in finding that the Appellee had a right or cause of action to possess under La. C.C.P. art. 3658[3], and

---

[2] The affidavit was signed by Appellant, notarized, and stated the following:
>   3) The Affidavit of Intent to Possess registered at CIN 619291 and the Affidavit of Possession by 1137 N. Robertson, LLC registered at CIN 624597 are null and void of no effect whatsoever for the following reasons, to-wit:
>   a. No or insufficient notice to the adjoining property owners was transmitted by 1137 N. Robertson, LLC to the adjacent landowners as required by R.S. 9:5633 (A)(3);
>   b. No notice of the Intent to Possess was affixed in a prominent location on the premises as required by R.S. 9:5633(4);
>   c. No notice of the Affidavit of Possession was affixed in a prominent location on the premises as required by R.S. 9:5633(4);
>   d. No notices of either the Affidavit of Intent to Possess or Affidavit of Possession were received or properly transmitted to Caroline Martin or affiant. e. 1137 N. Robertson has attempted to perform work at the property without a proper permit from the City of New Orleans which will prevent the issuance of a certificate of occupancy
>   4) This Affidavit will serve to establish the nullity of any and all claims of 1^37 N. Robertson, LLC under R.S. 9:5633.

[3] La. C.C.P. art. 3658 provides:
>   To maintain the possessory action the possessor must allege and prove that:
>   (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
>   (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
>   (3) The disturbance was one in fact or in law, as defined in Article 3659; and
>   (4) The possessory action was instituted within a year of the disturbance.

also finding that Appellee was forcefully evicted and therefore the one year requirement for a possessory action did not apply.  It is undisputed that Appellee's possession was disturbed prior to the one year requirement. However, here, the trial court found that Appellant's aggressive behavior towards the contractors, her threats to burn the Property down if the workers did not vacate the Property, and the changing of locks amounted to a forceful eviction.  La. C.C.P. art. 3258(2); *See also Liner v. Louisiana Land & Expl. Co.*, 319 So.2d 766, 776 (La. 1975) (If a disturbance in possession is due to eviction by force or fraud, the one year possession requirement is eliminated.). Accordingly, the trial court placed the Appellee in possession of the property.

Lastly, the Appellant's exceptions of no cause or right of action argued that La. R.S. 9:5633(K) prohibits Appellee from seeking a declaratory judgment.   The peremptory exceptions of no right of action and no cause of action are questions of law that are subject to *de novo* review by an appellate court. *See Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So. 2d 1211. Again, Appellant insists that the filing of an Affidavit of Nullity is "conclusive evidence" that Appellee's Affidavit of Intent to Possess was defective, even if, the Affidavit of Nullity contained false statements of material fact.  Appellant further maintains that if a falsified document is filed under La. R.S. 9:5633(J), Appellee's recourse is limited by 9:5633(K) which provides in pertinent part:

> The filing or depositing in the conveyance or mortgage records of…
> any affidavit…containing a false statement or false representation of a
> material fact, shall be a felony pursuant to R.S. 14:133 and shall be
> actionable under Civil Code Article 2315.

The clear reading of Subsection K states that falsifying statements and representations of fact in an affidavit filed in the conveyance or mortgage records is a crime and a suit for damages can be brought.

The scope of a declaratory judgment is stated in La. C.C.P. art. 1871 as follows:

> Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

Further, La. C.C.P. art. 1872 indicates who may bring such actions:

> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

In this case, the Appellee sought to declare its statutory right to peacefully possess the Property. La. C.C.P. art. 1879 notes that when "a proceeding under Articles 1871 through 1883 involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." We find no language in Subsection K that would prohibit the filing of a Petition for Declaratory Judgment. Accordingly, this Court finds that Appellant properly stated a cause of action of possession and had the right to pursue that claim through a Petition for Declaratory Judgment.

## _Conclusion_

For the reasons discussed, the trial court's judgments are affirmed.

**AFFIRMED**